UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SHARON BROWN WILLIAMS, | ) | Civil Action No.: 4:11-cv-429-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| HORRY-GEORGETOWN TECHNICAL COLLEGE; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.   INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq., alleging that her employment with Defendant was terminated based upon race, age and retaliation. Presently before the Court are Plaintiff's Motion for Protective Order (Document # 47), Defendants' Motions for Extension of Time (Documents # 49, 54, 58), and Plaintiff's Motion in Limine (Document # 63). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), DSC.

**II.   MOTION FOR PROTECTIVE ORDER AND MOTIONS FOR EXTENSION OF TIME**

Plaintiff's Motion for Protective Order and Defendant's Motions for Extension of Time arise out of or relate to Plaintiff's deposition. Plaintiff was deposed on June 12, 2012, at the Georgetown County Judicial Complex. The deposition began at 10:05 a.m., ended at 4:55 p.m., and included two 10-minute breaks and an approximately one hour break for lunch. See Email dated June 15, 2012 (attached as Ex. 3 to Motion for Extension of Time (Document # 49)). The Georgetown County Complex closed at 5:00 p.m. and it is undisputed that the parties agreed on the record to resume the deposition on a mutually agreed upon date. It is also undisputed that during a telephone conference

between the parties on Friday, June 15, 2012, the parties agreed that the deposition would resume on Wednesday, June 20, 2012, or if Plaintiff's Schedule permitted, Tuesday, June 19, 2012. However, on Monday, June 18, 2012, Plaintiff notified Defendant that she refused to resume the deposition. Her Motion for Protective Order was filed the next day, June 19, 2012. In her Motion, Plaintiff asserts that she should be relieved of the burden of being further deposed based upon opposing counsel's failure to: "(1) Send in writing a Notice of Deposition to continue a deposition and (2) Inadequate preparation with regard to time as it relates to breaks and lunch as observed when I was deposed from 10:00 a.m. to 5:00 p.m. on June 12, 2012, Georgetown, SC." Motion for Protective Order p. 1.

Defendant argues that the Notice of Deposition, sent to Plaintiff on May 22, 2012, indicates that "[s]aid deposition shall continue from day to day until completed." See Notice of Deposition (attached as Ex. 1 to Defendant's Response in Opposition to Motion for Protective Order). Defendant further argues that the breaks taken were reasonable and for the benefit of all involved and were not a result of Defendant's lack of preparation for the deposition. Defendant notes that Plaintiff was deposed for a total of five hours and twenty-seven minutes.

Defendant further argues that any delay that occurred during the deposition resulted from Plaintiff's refusal to answer any questions regarding her employment history with the Charleston County School District, which ended in litigation. Defendant represents that Plaintiff repeatedly stated that she could not comment on pending matters before the state's appeals courts and that she was represented by counsel on that matter. Defendant notes that it later discovered that Plaintiff's appeal with the South Carolina Court of Appeals was not pending at the time of the deposition. See Remittitur (attached as Ex. 2 to Defendant's Motion for Extension of Time (Document # 49)). Defendant also argues that, to the extent Plaintiff refused to answer questions based upon the attorney-client privilege, it did not seek to obtain any information Plaintiff may have discussed with her

counsel. In it's first Motion for Extension of Time, Defendant seeks an Order requiring Plaintiff to respond to questions regarding her employment history with the Charleston County School District and allowing Defendant to further depose Plaintiff on other issues surrounding Plaintiff's prior employment and her claims against Defendant for no longer than three hours.

Local Civil Rule 30.04(C), D.S.C., provides that a deponent may avoid answering questions during a deposition only if the answer is protected by a privilege. It further provides that if a refusal to answer is based upon an asserted privilege, the party shall move for a protective order within seven days of the suspension or termination of the deposition. "Failure to timely file such a motion will constitute waiver of the objection, and the deposition may be reconvened." Local Civil Rule 30.04(C), D.S.C. In her Motion for Protective Order, Plaintiff does not seek protection from answering questions regarding her employment with the Charleston County School District. Therefore, any objections she raised during the deposition regarding such questions have been waived and the deposition may be reconvened so that Defendant may depose Plaintiff on that issue.

Additionally, Rule 30(d)(1), Fed.R.Civ.P., provides that, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." The breaks taken during the deposition were reasonable and Defendant was impeded from concluding the deposition on the date it began by the closing of the Georgetown County Judicial Complex. Thus, it is appropriate to allow Defendant to conclude the deposition on matters it was unable to reach during the first deposition in addition to addressing the issues regarding Plaintiff's previous employment with the Charleston County School District.

In her Response to Defendant's first Motion for Extension of Time, Plaintiff asks that she be

allowed to add five witnesses to her witness list , which were disclosed to Defendant in a letter dated June 20, 2012. In the letter, Plaintiff asserts that she has contact information for only one of the five witnesses, her husband, but will provide Defendant with the contact information in a timely manner. See Letter dated June 20, 2012 (attached as an Exhibit to Defendant's Reply (Document # 53)). Defendant does not oppose allowing Plaintiff to add these additional witnesses as long as Plaintiff is directed to provide the contact information for these witnesses as well as a description of their testimony and Defendant is allowed time to depose these witnesses. In it's subsequent Motions for Extension of Time, Defendant also asks that the dispositive motions deadline and the mediation deadline be extended.

For the reasons discussed above, Plaintiff's Motion for Protective Order (Document # 47) is **DENIED** and Defendant's Motions for Extension of Time (Documents # 49, 54, 58) are **GRANTED** in accordance with the Amended Scheduling Order entered herewith. Defendant shall have three additional hours to depose Plaintiff. Additionally, within fifteen days of the date of this Order, Plaintiff must provide to Defendant the disclosures required pursuant to Rule 26(a)(1)(A)(i), Fed.R.Civ.P.[1] with respect to each of the witnesses listed in Plaintiff's June 20, 2012, Letter.

### III.     PLAINTIFF'S MOTION IN LIMINE

In her Motion in Limine, Plaintiff moves to preclude Defendant from introducing at trial any evidence relating to her departure from the Charleston County School District in June of 2007. A motion in limine is a motion which requests that the court exclude inadmissible or prejudicial evidence

---

[1] Rule 26(a)(1)(A)(i), Fed.R.Civ.P., provides, "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

before it is actually offered at trial. See Luce v. U.S., 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). Plaintiff's Motion fails to specify with any particularity the evidence she seeks to exclude from trial. Additionally, discovery has not been completed on this issue and, generally, a motion to exclude evidence is more appropriately addressed closer to or at trial. Therefore, Plaintiff's Motion in Limine (Document # 63) is **DENIED** without prejudice and with leave to refile in accordance with the Amended Scheduling Order filing herewith.

## IV.    CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Protective Order (Document # 47) is **DENIED**, Defendants' Motions for Extension of Time (Documents # 49, 54, 58) are **GRANTED**, and Plaintiff's Motion in Limine (Document # 63) is **DENIED** without prejudice and with leave to refile. An Amended Scheduling Order entered herewith. Defendant shall have three additional hours to depose Plaintiff. Additionally, **within fifteen days of the date of this Order**, Plaintiff must provide to Defendant the disclosures required pursuant to Rule 26(a)(1)(A)(i), Fed.R.Civ.P.[2] with respect to each of the witnesses listed in Plaintiff's June 20, 2012, Letter.

**IT IS SO ORDERED**.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

February 21, 2013  
Florence, South Carolina

---

[2] Rule 26(a)(1)(A)(i), Fed.R.Civ.P., provides, "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."