UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SHARON BROWN WILLIAMS,<br><br>        Plaintiff,<br><br>-vs-<br><br><br>HORRY-GEORGETOWN TECHNICAL COLLEGE;<br><br>        Defendants. | Civil Action No.: 4:11-cv-429-RBH-TER<br><br><br><br>**ORDER** |

This is an employment discrimination case. Plaintiff is proceeding pro se. The undersigned entered an Order (Document # 68), which, among other things, denied Plaintiff's Motion for a Protective Order, in which she asked to be relieved of the burden of being further deposed or being questioned regarding her employment history with the Charleston County School District. The undersigned denied Plaintiff's Motion and ordered that Defendant was allowed an additional three hours to conclude its deposition of Plaintiff. Presently before the Court is Plaintiff's Motion to Reconsider (Document # 71) that Order.

Discovery orders are "inherently interlocutory," McCook Metals LLC v. Alcoa, Inc., 249 F.3d 330, 335 (4th Cir.2001), and, thus, may be contested under Rule 54(b). See Quigley v. United States, 865 F.Supp.2d 685, 699 (D.Md.2012) (quoting Fed.R.Civ.P. 54) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action ... and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); Crouch v. City of Hyattsville, Md., No. DKC 09–2544, 2010 WL 4868100, at *2 (D.Md. Nov. 23, 2010)

(holding that an order dismissing some, but not all of the claims as to the parties was an interlocutory order and not a final judgment to which a Rule 59(e) motion might apply).

A court's discretion to review an interlocutory order is "not subject to the strict standards applicable to motions for reconsideration of a final judgment," Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir.2003), but is "within the plenary power of the Court ... to afford such relief ... as justice requires." Fayetteville Investors, 936 F.2d at 1473. Although Rules 59(e) and 60(b) do not govern reconsideration of an interlocutory order, the Fourth Circuit has suggested that at least parts of those rules may guide a court's analysis. Id. at 1470, 1472; Pritchard v. Wal–Mart Stores, Inc., 3 F. App'x 52, 53 (4th Cir.2001). In considering whether to revise interlocutory decisions, district courts in this Circuit have looked to whether movants presented new evidence, United States v. Duke Energy Corp., 218 F.R.D. 468, 474 (M.D.N.C.2003), or whether the court has "obviously misapprehended a party's position or the facts or applicable law." Id.

In her Motion for Reconsideration, Plaintiff repeats the same arguments she raised in her Motion for Protective Order. She offers no new evidence, applicable law or arguments nor does she assert that the undersigned misapprehended her position. As such, her Motion for Reconsideration (Document # 71) is **DENIED**.

**IT IS SO ORDERED**.

                                          s/Thomas E. Rogers, III
                                          Thomas E. Rogers, III
                                          United States Magistrate Judge

October 21, 2013
Florence, South Carolina