UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sharon Brown Williams, | ) | Civil Action No.4:11-cv-429-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **OPINION AND ORDER** |
| Horry-Georgetown Technical College, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Sharon Brown Williams ("Plaintiff") filed this action *pro se* on February 22, 2011, seeking recovery against her former employer, Defendant Horry-Georgetown Technical College ("Defendant"). (ECF No. 1.) In the Complaint, Plaintiff alleges that Defendant discriminated against her because of her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et. seq.*, and because of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq.* (ECF No. 1 at 3.) She also alleges that Defendant retaliated against her for engaging in protected activity in violation of these statutes. (ECF No. 1 at 3.)

On December 2, 2013, Defendant filed a motion for summary judgment. (ECF No. 91.) The matter is now before the Court after the issuance of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III. In the Report and Recommendation, the Magistrate Judge recommends that the Court grant Defendant's motion for summary judgment on the race and age discrimination claims, as well as the retaliation claim, and decline to exercise jurisdiction over Plaintiff's state law claims. (ECF No. 91 at 24.) The Magistrate Judge thus recommends the action be dismissed in its entirety. For the following reasons, the Court adopts the Magistrate Judge's

Report and Recommendation, grants Defendant's Motion for Summary Judgment as to the federal claims, and declines to retain jurisdiction over any claims based on state law.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of this case, including citations to the record, were fully set forth in the Magistrate Judge's Report and Recommendation. (ECF No. 107 at 1-6.) Briefly stated, Plaintiff was employed by Defendant as an adjunct faculty instructor during the Fall 2008, Spring 2009, Summer 2009, and Fall 2009 semesters. (ECF No. 91-2.) During Spring of 2009 she also worked as a tutor in the College's Student Success and Technology Center ("SSTC"). ( ECF No. 91-4.) In June 2009, Defendant advertised a position for Coordinator of the SSTC. (ECF No. 91-5.) Plaintiff applied for this position and received an interview but was ultimately not selected to fill the position. (ECF No. 91-6.) Plaintiff asserts that Defendant's hiring of Kimberly Shegog to fill the position instead of Plaintiff was discriminatory.

In July of 2009, Defendant advertised a position of Counselor/Coordinator of Educational Talent Search ("ETS"). (ECF No. 91-12.) Plaintiff applied for this position and received an interview but ultimately Defendant selected another individual, Tara Kratzer, to fill the position. (ECF No. 91-13.) Plaintiff asserts that the hiring of Ms. Kratzer instead of her was discriminatory. In September of 2009, Plaintiff filed a charge of discrimination with the South Carolina Human Affairs Commission, alleging she was not hired for these positions because of her race and age. (ECF No. 91-33.) Despite not selecting her for the positions, Defendant continued to employ Plaintiff as an adjunct instructor. However, during the Fall 2009 semester, several concerns arose with regard to Plaintiff's job performance. ( ECF No. 91-19.) Eventually, Defendant terminated Plaintiff. (ECF No. 91-32.) Plaintiff asserts that this termination was due to her age and race, and in retaliation for filing an initial charge of discrimination.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**DISCUSSION**

I.    Magistrate Judge's Report and Recommendation and Objections

The Magistrate Judge ably set forth the relevant law concerning Plaintiff's asserted claims. In light of the applicable law, the Magistrate Judge first recommends finding that Plaintiff's claim for monetary damages under the ADEA is barred by the Eleventh Amendment.[1] (ECF No. 107 at 9.) The Magistrate Judge then recommends finding that Plaintiff's discrimination claims fail with regard to her failure to promote allegations. Specifically, the Magistrate Judge found that Plaintiff failed to state a prima facie case with regard to the SSTC coordinator position. (ECF No. 107 at

---

[1]Plaintiff does not object to the Magistrate Judge's recommended finding that her claim for monetary damages pursuant to the ADEA is barred by the Eleventh Amendment in light of the applicable law. The Court finds no clear error with the Magistrate Judge's analysis. Plaintiff's claim for monetary relief under the ADEA is barred by the Eleventh Amendment.

11-12.) Moreover, he recommends finding that even if Plaintiff established a prima facie case, Defendant presented a legitimate, non-discriminatory reason for failing to promote her and Plaintiff has not shown that the reason was mere pretext for discrimination. (ECF No. 107 at 12-14.) With regard to the counselor position for ETS, the Magistrate Judge found that Defendant articulated a legitimate, non-discriminatory reason for failing to promote Plaintiff, and that Plaintiff has not shown that the reason was mere pretext for discrimination. (ECF No. 107 at 14-15. )

The Magistrate Judge then turned to Plaintiff's discrimination claims concerning a reduction in classes and transfer to a different campus. He recommends the Court find that Plaintiff failed to establish a prima facie case with regard to these disparate treatment claims, as she did not adequately demonstrate that these were adverse employment actions. (ECF No. 107 at 15-17.) Next, the Magistrate Judge examined Plaintiff's discrimination claims related to her termination. The Magistrate Judge again recommends finding that Plaintiff failed to establish a prima facie case, as she did not show that she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action. (ECF No. 107 at 17-19.)

Finally, the Magistrate Judge examined Plaintiff's retaliation claim. He concluded that Plaintiff established a prima facie case of retaliation, but that Defendant articulated a legitimate, non-retaliatory reason for terminating Plaintiff, and that Plaintiff failed to present sufficient evidence to refute this reason. (ECF No. 107 at 20-23.) Finally, the Magistrate Judge recommends that, if the Court grants summary judgment on all of the federal claims, it decline to exercise jurisdiction over any remaining state law claims. (ECF No. 107 at 23-24.)

Plaintiff re-filed approximately 72 pages of documents on March 19, 2014, the deadline to file objections to the Report and Recommendation, all of which had previously been submitted to the Court. (ECF No. 119.) Plaintiff did not submit any additional documentation or otherwise

explain the relevance of these documents to the Report and Recommendation. On March 20, 2014, Plaintiff filed "Objections to Report and Recommendation," which she claims she was unable to timely file because of "limited technology access to the public at the Clerk's Office." (ECF No. 121 at 2.) Plaintiff's objections, therefore, are untimely. However, because Plaintiff is litigating her case *pro se*, out of an abundance of caution, the Court has examined her objections and evidence in detail and considered their merits herein.

Plaintiff's March 20, 2014 objections largely consist of descriptions of and references to specific documents in the record. (ECF No. 121.) Plaintiff also generally alleges that the Magistrate Judge failed to consider pertinent evidence in this case, asserts that she has met the applicable burdens of proof to support her claims, and asks that the Court reject the Magistrate Judge's Report and Recommendation. Upon review of Plaintiff's objections and supporting materials, the Court concludes that Plaintiff has provided no basis for this Court to deviate from the Magistrate Judge's recommended disposition. Plaintiff's objections are largely unrelated to the dispositive portions of the Report and Recommendation and concern arguments and evidence previously considered and addressed by the Magistrate Judge. The Magistrate Judge prepared an extensive and detailed Report and Recommendation that appropriately addressed Plaintiff's prior arguments and the record in this case. Still, the Court attempts to address salient points of Plaintiff's submission below.

II.     Discrimination Claims

Plaintiff does not object to the Magistrate Judge's determination that her discrimination claims are subject to the *McDonnell Douglas* framework and analysis. The Court agrees that Plaintiff is proceeding under the burden shifting framework as set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) which is applicable to claims made pursuant to both Title VII and the ADEA. *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354

F.3d 277, 284-85 (4th Cir. 2004). Under *McDonnell Douglas*, Plaintiff has the initial burden of demonstrating a prima facie case of discrimination. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 (4th Cir. 2002). If Plaintiff establishes a prima facie case, the burden shifts to Defendant to produce a legitimate, nondiscriminatory reason for the adverse action. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). This is merely a burden of production, not of persuasion. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). If Defendant meets its burden, "the sole remaining issue [i]s 'discrimination vel non.'" *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000) (quoting *Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983)). In other words, the burden shifts back to Plaintiff to demonstrate by a preponderance of the evidence that the legitimate reason produced by Defendant is not its true reason, but was pretext for discrimination. *Reeves*, 530 U.S. at 143 (citing *Burdine*, 530 U.S. at 253, 255-256).

Plaintiff claims that Defendant failed to promote her to two positions in violation of Title VII and the ADEA. To establish a prima facie case of discrimination for failure to promote, a plaintiff must prove that (1) she is a member of a protected group; (2) she applied for the position in question; (3) she was qualified for the position; and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005). As the Magistrate Judge correctly noted, there is no question as to whether Plaintiff was a member of a protected group, applied for the two positions in question, and was rejected for the positions in favor of younger, caucasian females. Therefore, the only issue at the prima facie stage is whether Plaintiff was qualified for the respective positions. With regard to the SSTC Coordinator position, in her objections, Plaintiff claims that she had the tutoring and other experience to meet the minimum qualifications of the position, maintains that she performed satisfactorily in her interview, and seems to assert that she is also proficient in Microsoft Office

2007. But in view of the entire record, the Court agrees with the Magistrate Judge that Plaintiff has not presented sufficient evidence establishing that she was qualified for the SSTC position, and thus has not set forth a prima facie case. It is undisputed that Plaintiff did not complete the applicable technology assessment and has admitted that she was not familiar with Microsoft Word 2007, a minimum requirement for the position. Accordingly, Plaintiff's objections are overruled. Moreover, the Court also finds that even if she had established a prima facie case, Defendant presented a legitimate, non-discriminatory reason for failing to promote Plaintiff in favor of Ms. Shegog, namely Plaintiff's communication issues in the interview and difficulties with the technology requirements. Finally, the Court finds that Plaintiff has failed to show that these reasons were mere pretext for discrimination.

With regard to the counselor position, Plaintiff notes that she possessed college work experience while Ms. Kratzer, the candidate who was ultimately hired, did not have the same level of experience. (ECF No. 121 at 8-9.) The Magistrate Judge found that Plaintiff established a prima facie case because she demonstrated she was qualified for this position. (ECF No. 107 at 14-15.) The Court agrees with this analysis. However, the Court also agrees with the Magistrate Judge that Defendant provided a legitimate, non-discriminatory reason for hiring Ms. Kratzer for the position rather than Plaintiff, particularly given that Ms. Kratzer met both the minimum and preferred requirements for the position and had education and experience directly applicable to the position. Plaintiff has not presented sufficient evidence to show that the articulated reason was merely pretextual. Ms. Kratzer was more qualified as she met both the minimum and preferred requirements, while Plaintiff only met the minimum requirements. Upon review, the Court finds that summary judgment is appropriate with regard to the failure to promote claims.

Plaintiff also argues that she received disparate treatment because of her race and age in that

her teaching case load was reduced and she was transferred to a different campus. To establish a prima facie case of discrimination in disparate treatment claims such as these, Plaintiff must show (1) that she is a member of a protected class; (2) that she was performing her job satisfactorily; (3) that she was subjected to an adverse employment action; and (4) different treatment from similarly situated employees outside the protected class. *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010). "An adverse employment action is a discriminatory act which 'adversely affects the terms, conditions, or benefits of the plaintiff's employment.'" *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375-76 (4th Cir. 2004) (quoting *Von Gunten v. Maryland*, 243 F.3d 858, 865 (4th Cir. 2001)) (internal quotation marks omitted). The Magistrate Judge found that Plaintiff failed to show that she suffered any significant change in benefits, and therefore failed to establish that she suffered an adverse employment action when courses that were tentatively scheduled were moved to a different semester. (ECF No. 107 at 16-17.) It is undisputed that Plaintiff was hired on an at-will, semester-to-semester basis, and at the time she noticed that the Fall 2009 schedule had been reworked, she had not yet entered into a contract. Ultimately, Plaintiff was scheduled to teach four classes, but she withdrew from one of them for personal reasons. This scheduling was consistent with previous course assignments made to Plaintiff. Accordingly, the Court agrees with the Magistrate Judge that Plaintiff has failed to show any adverse employment action, as she has not shown that there was a reduction in her course load from semester to semester. Plaintiff's objections provide no further clarification of her argument aside from conclusory allegations that the reworking of her schedule was motivated by discriminatory motive. (ECF No. 121 at 2-3, 5.)

Further, the Magistrate Judge also found that Defendant's decision to assign Plaintiff classes at the Conway campus rather than the Georgetown campus was not an adverse action given that one of Plaintiff's specified job responsibilities was to teach at all assigned times and locations. (ECF

-8-

No. 107 at 17.) Although the Conway campus may have been less appealing to Plaintiff, the new job assignment did not constitute an adverse employment action. *See James v. Booz-Allen & Hamilton, Inc*. 368 F.3d 371, 376 (4th Cir. 2004). "[R]eassignment can only form the basis of a valid Title VII claim if the plaintiff can show that the reassignment had some significant detrimental effect." *Boone v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999).   Plaintiff has not provided any evidence that the reassignment resulted in any decrease in compensation, job title, level of responsibility, opportunity for promotion, or that it had any other detrimental effect. In her objections, the only impact she details is that the drive to the Conway campus from her home is forty-five minutes longer than the drive to the Georgetown Campus.  (ECF No. 121 at 9.)  This is not sufficient to show adverse employment action. *See, e.g., DiCampli v. Korman Comtys*., 257 Fed. App'x 497, 501 (3d Cir. 2007) ("[T]he mere fact that the IT position would have required a change in location and a longer commute is not sufficient to constitute an adverse action.").  Therefore, summary judgment is appropriate as to Plaintiff's claims for discriminatory treatment.

Plaintiff's final discrimination-based claim asserts that she was terminated because of her age and race.  To establish a prima facie case of race or age discrimination in a termination, Plaintiff must show that: (1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class. *Hill v. Lockheed Martin Logistics Mgmt., Inc*., 354 F. 3rd 277, 285 (4th Cir. 2004).  The fourth element can also be established by presenting evidence raising an inference of discrimination.  *See EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 851 n.2 (4th Cir. 2001) (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981)).

Based on his review, the Magistrate Judge determined that Plaintiff failed to show that she was performing her job duties at a level that met her employer's legitimate expectations at the time of her termination. (ECF No. 107 at 19.) In her objections, Plaintiff argues that she was meeting her employer's expectations, citing to performance reviews from prior semesters in which she received high scores. (ECF No. 121 at 9.) She also "objects" to statements in the record from Defendant's employees that suggest unsatisfactory performance on the part of Plaintiff. (ECF No. 121 at 9-10.) Plaintiff's objections, however, fail to point to any relevant evidence showing that she was actually meeting her employer's legitimate expectations at the relevant time period. Although Plaintiff argues that she received good average scores in previous semesters, the relevant inquiry is whether she was meeting expectations at the time of the adverse action, i.e., the Fall 2009 semester. *See Miles v. Dell, Inc*., 429 F.3d 480, 485 (4th Cir. 2005). Based on the average evaluation ratings, the sum of the student complaints, the problems noted in Defendant's instructor evaluation, the written feedback from her Fall 2009 students, and Plaintiff's unwillingness to cooperate with Defendant to rectify its concerns as evidenced by the record, the Court agrees with the Magistrate Judge that Plaintiff has failed to show that she was meeting her employer's legitimate expectations at the time of the adverse employment action. Therefore, summary judgment is appropriate on her discriminatory termination claim as well.

III.    Retaliation Claims

Plaintiff's final federal claims concern her allegations that she was terminated in response to her filing a Charge of Discrimination in September of 2009. In addition to protecting employees from discrimination based on age and race, among other things, Title VII and the ADEA also makes it an unlawful employment action to discriminate against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made

a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a) (Title VII); 29 U.S.C. 623(d) (ADEA).  To establish a prima facie case of retaliation under Title VII or the ADEA, a plaintiff must show (1) she engaged in protected activity, (2) the employer took adverse employment action against her, and (3) a causal connection existed between the protected activity and the adverse action.  *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 258 (4th Cir. 1998); *Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998).  If Plaintiff establishes a prima facie case, Defendant can rebut the presumption of retaliation by articulating a non-retaliatory reason for its actions.  *Causey*, 162 F.3d at 800.  At that point, Plaintiff must present evidence sufficient to create a genuine issue of material fact that Defendant's legitimate, non-retaliatory reason is pretextual.  *See Matvia v. Bald Head Island Mgmt.*, 259 F.3d 261, 271 (4th Cir. 2001).  To meet her burden, Plaintiff must "show that the reason proffered is 'mere pretext for retaliation by proving both that the reason was false, and that discrimination was the real reason for the challenged conduct.'"  *Harris v. Home Sales Co.*, 499 Fed. App'x 285, 294 (4th Cir. 2012) (quoting *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007)).

The Magistrate Judge recommended finding that Plaintiff established a prima facie case.[2] (ECF No. 107 at 20.)   Assuming Plaintiff has indeed established a prima facie case, Defendant presented a legitimate, non-retaliatory reason for terminating Plaintiff, namely that her job

---

[2]This Court, however, questions whether Plaintiff has even established a prima facie case in light of the Supreme Court's recent decision in *University of Texas Southwest Medical Center v. Nassar*, __ U.S. __, 133 S. Ct. 2517, 2533-34 (2013).  Another judge in this district has concluded that courts from within the Fourth Circuit have found the Supreme Court's decision in *Nassar* to require a plaintiff to establish the third element of her prima facie case, the causation element, pursuant to the but-for standard.  *See Askins v. Belissary*, No. 4:12-cv-1856-RBH, 2014 WL 507279, at *5 (D.S.C. Feb. 6, 2014), aff'd No. 14-1126, 2014 WL 1284979, at *1 (4th Cir. Apr. 1, 2014). In other words, Plaintiff must show that "her protected activity was a but-for cause of the alleged adverse action by the employer."  *Nassar*, 133 S. Ct. at 2534.

performance was unsatisfactory. As discussed above, and extensively in the Report and Recommendation, Defendant provided ample evidence of Plaintiff's difficulties during the Fall 2009 semester. To establish pretext, Plaintiff repeats many of the arguments she made in response to Defendant's motion for summary judgment, makes unsupported allegations that Defendant manipulated evidence, and generally asserts that she was performing her job well. But at this stage, Plaintiff must show that retaliation was in fact the motivating factor behind her termination. *See Nassar*, 133 S. Ct. 2517, 2533. As the Magistrate Judge noted, it is not necessary for the Court to decide whether Defendant's reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the decision. *See Hawkins v. Pepsico*, 203 F.3d 274, 279 (4th Cir. 2000). Here, the Court finds that Plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether Defendant's reason was false or that discrimination was the real reason for her termination. Accordingly, Defendant is entitled to summary judgment on this claim. *See Amirmokri v. Dep't of Energy*, 388 Fed. App'x 255, 255 (4th Cir. 2013) (unpublished opinion) (noting that summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented and affirming the district court's conclusion that the plaintiff failed to establish a prima facie case of retaliation and to demonstrate pretext).

    IV.    State Law Claims

Plaintiff does not object to the Magistrate Judge's recommendation that, in the event the federal claims are dismissed, the Court should decline to retain jurisdiction over Plaintiff's state law claims. (ECF No. 107 at 24.) As the Fourth Circuit has explained, "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The Court adopts the recommendation and declines to retain jurisdiction over the state law claims pursuant to 28 U.S.C.

§ 1367.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

## CONCLUSION

Any objections not addressed in this Order were irrelevant with regard to the issues before the Court on summary judgment.  Accordingly, they are overruled.  The Court has thoroughly reviewed the entire record, including Defendant's Motion for Summary Judgment and Plaintiff's response, as well as the Report and Recommendation and Plaintiff's objections.  For the reasons stated above, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is GRANTED, and that Plaintiff's complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
June 17, 2014