UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sharon Brown Williams, | ) | Civil Action No.4:11-cv-429-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **OPINION AND ORDER** |
| Horry-Georgetown Technical College, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before this Court are Plaintiff Sharon Brown Williams's ("Plaintiff") Motions for Reconsideration Under Rule 59(e) and/or Motions for Reconsideration Under Rule 60(b). (ECF Nos. 129 & 130.) Having reviewed Plaintiff's motions, Defendant Horry-Georgetown Technical College's ("Defendant") response, and the record in this case, the Court DENIES Plaintiff's motions.

### INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff filed this action *pro se* on February 22, 2011, seeking recovery against her former employer, Defendant Horry-Georgetown Technical College. (ECF No. 1.) In the Complaint, Plaintiff alleges that Defendant discriminated against her because of her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et. seq.*, and because of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq.* (ECF No. 1 at 3.) She also alleges that Defendant retaliated against her for engaging in protected activity in violation of these statutes. (ECF No. 1 at 3.)

On December 2, 2013, Defendant filed a motion for summary judgment. (ECF No. 91.) On June 17, 2014, this Court adopted the Report and Recommendation of the Magistrate Judge and granted Defendant's motion for summary judgment on Plaintiff's race and age discrimination

claims, as well as the retaliation claim, and declined to exercise jurisdiction over Plaintiff's state law claims. (ECF No. 126.)  Plaintiff filed two motions for reconsideration pursuant to Rules 59(e) and/or 60(b) of the Federal Rules of Civil Procedure on July 17, 2014 and July 24, 2014, respectively. (ECF Nos. 129 & 130.)  Defendant filed a response to the motions on August 4, 2014 asking that this Court deny the Motions. (ECF No. 131.)

## STANDARDS OF REVIEW

Plaintiff asks this Court to reconsider its June 17, 2014 order granting Defendant's Motion for Summary Judgment pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Motions under Rule 59 are not to be made lightly: "[r]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.).  The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) "to correct a clear error of law or prevent manifest injustice."  *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).  Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered."  *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).  Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result.  *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Further, Rule 60(b) provides an extraordinary remedy that can be invoked only upon a showing of exceptional circumstances. *See McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991).  Before evaluating the merits of a claim under Rule 60(b), the moving party "must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 206-207 (4th Cir.1984).  If

a plaintiff meets the threshold requirements, Rule 60(b) allows for six possible reasons to grant relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. Pro. 60(b). But, "[w]here the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)." *U.S. v. Williams*, 674 F.2d 310 (4th Cir. 1982.)

## DISCUSSION

Plaintiff filed two motions for reconsideration which are very similar in their content and arguments. In essence, Plaintiff maintains her opposition to the summary of the facts made by the Court and her general disagreement with the Court's analysis with respect to her discrimination and retaliation claims. The Court, however, concludes that Plaintiff has not shown legally sufficient grounds warranting the relief sought pursuant to either Rule 59(e) or 60(b). In her motions, Plaintiff fails to put forth any grounds for seeking to alter or amend a judgment pursuant to Rule 59(e), i.e., controlling law, additional evidence, or error of law or injustice. The Court also concludes that Plaintiff has not met her burden of showing exceptional circumstances warranting any relief pursuant to Rule 60(b). Even if Plaintiff had satisfied the threshold requirements of Rule 60(b), Plaintiff's motion would still be denied because Plaintiff does not raise any new claims or issues nor any other reason justifying relief. Instead, Plaintiff is merely asking this Court to change its mind by rearguing her previously unsuccessful claims.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motions for Reconsideration Under Rule 59(e) and/or Motions for Reconsideration Under Rule 60(b) are DENIED. (ECF Nos. 129 & 130.)

IT IS SO ORDERED.

                                                /s/Mary G. Lewis
                                                United States District Judge

Spartanburg, South Carolina
August 13, 2014